GLD-245                                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2596
_____

KEVIN GRAY,
                    Appellant

v.

A. CHARLES PERUTO, JR.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-12-cv-02427)
District Judge:  Honorable Michael M. Baylson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 2, 2012

Before:  FUENTES, GREENAWAY, JR. and BARRY, Circuit Judges

(Opinion filed: August 30, 2012)
_____

OPINION
_____

PER CURIAM

        Kevin Gray appeals from the District Court's order dismissing his complaint.

Because we conclude that Gray's appeal presents no substantial question, we will

summarily affirm.

**I**

Kevin Gray, a Pennsylvania resident, filed this *pro* se action against A. Charles Peruto, Jr., a Pennsylvania-licensed attorney with an office in Philadelphia, alleging legal malpractice. Gray claims that in 2006 Peruto accepted $5,000 in fees for legal work that Peruto did not complete. Exhibits attached to Gray's complaint show that Gray first brought suit in state court in 2007 and the parties subsequently submitted the matter to binding arbitration, which was resolved in favor of Peruto. As a result of the arbitration, the state court granted summary judgment in favor of Peruto on February 23, 2010.

Having lost at arbitration and in state court, Gray brought suit in the Eastern District of Pennsylvania in May 2012. After granting Gray's motion to proceed in forma pauperis, the District Court dismissed the complaint. The District Court held that Gray's allegations failed to establish any basis for federal question jurisdiction and that diversity jurisdiction was lacking where the complaint presented both parties as citizens of Pennsylvania and the amount in controversy likely did not meet the $75,000 requisite threshold. Noting that the claims appear to be time-barred and the matter was previously resolved through binding arbitration, the District Court determined that amendment would be futile and, accordingly, did not grant leave to amend. Gray appeals.

**II**

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's dismissal of the complaint for lack of subject matter jurisdiction. O'Connell v. Interocean Management Corp., 90 F.3d 82, 83 (3d Cir. 1996).

**III**

2

Dismissal was proper because there is no basis for subject matter jurisdiction in this action. Federal courts are courts of limited jurisdiction and may only assert jurisdiction over certain matters, such as where there is diversity of citizenship between the parties or where a question is presented under federal law. See generally 28 U.S.C. §§ 1331 –1334. No basis for jurisdiction is present here.

Diversity jurisdiction requires that the controversy be between citizens of different states, and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a)(1). Gray failed to establish that he and Peruto are citizens of different states. To the contrary, his complaint and supporting exhibits refer solely to residency and contacts within Pennsylvania. In addition, we concur with the District Court's observation that the dispute, which arises from $5,000 in contested legal fees, does not appear to meet the $75,000 threshold requirement of 28 U.S.C. § 1332(a). After an independent review of the complaint and supporting documents, we also agree that the allegations fail to form a basis for federal question jurisdiction.[1] See generally, 28 U.S.C. § 1331. Because the District Court did not have jurisdiction over the dispute, dismissal was proper.

For the foregoing reasons, we will summarily affirm the District Court's order. Gray's motion for appointment of counsel is denied.

---

[1] Although the District Court considered whether the action was brought under 42 U.S.C. § 1983, we read Gray's complaint as limited to claims of legal malpractice that arise under state law.

3